IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARLENE K. ZELLER,            )
                              )
         Plaintiff,           )
                              )
vs.                           )    Case No. 08-4138-JAR
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social        )
Security,                     )
                              )
         Defendant.           )
_____)

REPORT AND RECOMMENDATION

Plaintiff filed an application for leave to file action without payment of fees, costs or security. (Doc. 2). Based upon the Tenth Circuit's decision in Lister v. Dep't of the Treasury,[1] the undersigned Magistrate Judge submits to the District Judge the following Report and Recommendation regarding Plaintiff's motion.

28 U.S.C. § 1915(a), states:

> . . .any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding. . . without prepayment of fees or security therefor, by a person who submits an affidavit. . . that the person is unable to pay such fees or give security therefor.

---

[1] 408 F.3d 1309 (10th Cir. 2005). In Lister, the Tenth Circuit held that magistrate judges have no authority to enter an order denying in forma pauperis status because such a ruling is dispositive. Id. at 1311-12.

The filing fee in civil cases is presently $350.00.  28 U.S.C. § 1914(a).  It is this fee for which plaintiff seeks a waiver.

Section 1915(a)(1) gives a district court discretion to grant permission for a movant to proceed *in forma pauperis* (IFP).  While a trial court has wide discretion in denying an application to proceed IFP, in denying such applications a court may not act arbitrarily.  Nor may it deny the application on erroneous grounds.  <u>United States v. Garcia</u>, 164 Fed. Appx. 785, 786 n.1 (10th Cir. Jan. 26, 2006).  To succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees.  <u>Id</u>; <u>Lister v. Dept. of the Treasury</u>, 408 F.3d 1309, 1312 (10th Cir. 2005).

Plaintiff filed an affidavit of financial status indicating monthly income of $2,276.34 and expenses of $1,513.00.[2]  Thus, her monthly income exceeds her expenses by $763.34.  Plaintiff also indicates that she has $1,850.00 in checking and savings accounts.  In the case of <u>Brewer v. City of Overland Park Police Dept.</u>, 24 Fed. Appx. 977, 979 (10th Cir. Jan. 4, 2002), Mr. Brewer's income exceeded his expenses by "a few hundred dollars."  The court found that Mr. Brewer had sufficient income to pay the

---

[2]Although plaintiff indicates other expenses in her affidavit, including helping her son and his wife, her medical bills, keeping the property updated, and paying her attorney, she failed to indicate the amount of those expenses (Doc. 2-2 at 5).  In light of this failure, the amount in which her income exceeds her expenses, and the money in her checking and savings accounts, plaintiff has clearly failed to show a financial inability to pay the filing fee.

filing fee at the time he sought to file the appeal, and the court therefore denied permission for Mr. Brewer to proceed IFP. In the case of <u>Thompson v. Barnhart</u>, Case No. 08-1024 (D. Kan. Feb. 5, 2008), the court denied plaintiff's IFP motion when the affidavit indicated that plaintiff's income exceeded expenses by slightly more than $500 (Case No. 08-1024, Doc. 5). In this case, because plaintiff's income exceeds her expenses by $763.34 and she has $1,850 in checking and savings accounts, plaintiff has clearly failed to demonstrate a financial inability to pay the filing fee.

    IT IS THEREFORE RECOMMENDED that plaintiff's motion (Doc. 2) be denied.

    Copies of this recommendation and report shall be mailed to the plaintiff via regular mail and certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, plaintiff may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review. <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005).

    Dated at Wichita, Kansas on November 14, 2008.

                            s/John Thomas Reid
                            **JOHN THOMAS REID**
                            **United States Magistrate Judge**