lml
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARLENE K. ZELLER,** )<br>)<br>           **Plaintiff,** )<br>           vs. )<br>)<br>**MICHAEL J. ASTRUE,** )<br>**Commissioner of Social Security,** )<br>)<br>           **Defendant.** )<br>_____) | Case No. 08-4138-JAR |

## MEMORANDUM AND ORDER

Plaintiff Marlene K. Zeller, proceeding *pro se*, filed this social security appeal on November 10, 2008, along with an application for leave to file this action without payment of fees or security, i.e., *in forma pauperis* (IFP). On November 14, 2008, United States Magistrate Judge John Thomas Reid issued a Report and Recommendation denying plaintiff's IFP application (Doc. 3). Plaintiff responded to the magistrate judge's Report and Recommendation (Doc. 4), and on February 24, 2009, the Court entered an Order adopting the Report and Recommendation, noting that no objection had been filed (Doc. 6). Plaintiff responded to the Court's Order, indicating that she had attached all of her financial documents to her previous response and urging the Court to "look again" (Doc. 8). The Court will construe plaintiff's responses as an objection to the Report and Recommendation. For the reasons explained in detail below, however, plaintiff's objection is overruled and her request to proceed IFP is denied.

Magistrate judges have no authority to enter an order denying IFP status. Because this is a dispositive matter, under Fed. R. Civ. P. 72(b), a magistrate judge can only issue a report and

recommendation for a decision by the district court.[1] The district court reviews *de novo* those portions of the magistrate's report and recommendation to which written objections have been made.[2] The district court is afforded considerable discretion in determining what reliance it may place upon the magistrate judge's findings and recommendations.[3] Upon receipt of the magistrate's report and recommendation, the court may accept, reject, or modify the magistrate's findings, or recommit the matter to the magistrate with instructions.[4]

The federal IFP statute, 28 U.S.C. § 1915, is intended to benefit those too poor to pay or give security for the costs of litigation.[5] It prevents courts from denying a person the opportunity to commence, prosecute, or defend a civil or criminal action solely because his poverty makes it impossible to pay the costs of litigation.[6] Under the statute, a district court "may authorize the commencement . . . of any suit [or] action . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such prisoner[7] possesses, that the person is unable to pay such fees or give security therefor."[8] Proceeding IFP is a privilege, not a

---

[1] *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[2] Fed. R. Civ. P. 72(b).

[3] *See Andrews v. Deland*, 943 F.2d 1162, 1170 (10th Cir. 1991) (citing *United States v. Raddatz*, 447 U.S. 667 (1980)).

[4] 28 U.S.C. § 636(b)(1)(C).

[5] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

[6] *Id*.

[7] The term "prisoner" applies to all persons applying for IFP status, not just to prisoners. *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[8] 28 U.S.C. § 1915(a).

right.[9] The district court has discretion whether to grant leave to proceed IFP.[10]

In its Report and Recommendation, the magistrate court indicated that plaintiff's financial affidavit showed her monthly income exceeds her expenses by $763.34. The court noted, however, that plaintiff indicated she had other expenses, including helping her son and paying her attorney, but did not set forth the amount of those expenses. Plaintiff attached a statement to her response indicating the following monthly expenses: $120 for home equity loan, to repay medical expenses, home improvement costs, loan to son and attorney fees, and $400 for combined credit card debt to Bank of America. Both the home equity and credit card payments, however, were included in plaintiff's original affidavit on which the magistrate court based its recommendation. Plaintiff further states that she gave her son $800 to help with his wife's medical expenses and paid her lawyer $794.37. Plaintiff does not indicate when she made these payments, which appear to be one-time expenses and not an ongoing obligation. The only additional expense that plaintiff quantifies is that in January 2009, her health insurance payments will increase from $192.35 per month to $330.81 per month. Although this additional information reduces the monthly surplus to $624.88, plaintiff's income continues to exceed her expenses and she has failed to demonstrate a financial inability to pay the filing fee.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's objection to the Report and Recommendation is overruled, and the Court adopts the Report and Recommendation of the magistrate judge as its own. Plaintiff shall pay the filing fee of $350.00 **on or before April 15, 2009**, and make service of summons in accordance with Fed. R. Civ. P. 4 **on or before**

---

[9] *White v. State of Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998).

[10] *Lister*, 408 F.3d at 1312.

**May 15, 2009**.  Plaintiff is further advised that a "Pro Se Information Packet" is available to assist her on the court's website at http://www.ksd.uscourts.gov/prose/index.php

 IT IS SO ORDERED.


Dated:  March 31, 2009

                 S/ Julie A. Robinson
                JULIE A. ROBINSON
                UNITED STATES DISTRICT JUDGE